IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK16-41395 |
| HAPPY JACK'S PETROLEUM, INC., | CHAPTER 7 |
| Debtor(s). | |
| IN THE MATTER OF: | CASE NO. BK16-41396 |
| WADE BRANDON HILL and KIMBERLY DAWN HILL, | CHAPTER 7 |
| Debtor(s). | |
| IN THE MATTER OF: | CASE NO. BK16-41397 |
| JACKIE LYNN HILL and VICKI RAE HILL, | CHAPTER 7 |
| Debtor(s). | |
| WESTERN TERMINAL TRANSPORTATION, L.L.C., | |
| Plaintiff, | LEAD ADVERSARY CASE NO. A17-4046 |
| vs. | Consolidated Adversary Proceedings A17-4046, A17-4047, A17-4048 |
| GREAT WESTERN ENTERPRISES, INC., | |
| Defendant. | |

ORDER

This matter is before the court on Great Western Enterprises, Inc.'s motion for summary judgment (Fil. No. 16) and resistance by Western Terminal Transportation, L.L.C. (Fil. No. 20). Adam A. Hoesing represents Western Terminal Transportation and Robert B. Reynolds represents Great Western Enterprises. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

As explained below, the motion is denied because a necessary party in interest, specifically Adams Bank & Trust, is not before the court.

Western Terminal Transportation, an unsecured creditor, filed this adversary proceeding to object to the $665,242.82 claim of Great Western Enterprises. Western Terminal asserts the claim is secured only to the extent of $88,200.00, unsecured in the amount of $48,345.94, and unenforceable as to the balance.

The individual debtors in these cases are related to each other, and their business relationships are intricate. In broad strokes, the background of this matter is as follows:

Happy Jack's Petroleum is a Nebraska corporation. Jackie and Vicki Hill, as husband and wife, own 80% of the shares in Happy Jack's. Jackie and Vicki's son Wade Hill owns the other 20% of the shares in Happy Jack's.

Energy Storage & Trading, L.L.C., another debtor, is a Nebraska limited liability company. Jackie and Vicki Hill own 50% of the membership interest in Energy Storage, and Wade Hill and his wife Kimberly own the other 50% of the membership interest in Energy Storage.

Both Happy Jack's and Energy Storage are primarily in the business of fuel storage and delivery, whether retail or wholesale.

Jackie Hill is the president of Happy Jack's. Vicki Hill is the secretary and treasurer of Happy Jack's. Wade Hill is the vice president of Happy Jack's. Wade Hill and Kimberly Hill are employed by Happy Jack's, and act as the primary operators of the Happy Jack's business.

Jackie and Vicki Hill and Wade and Kimberly Hill also own other entities, assets of which have been granted as security for a series of debts owed by Happy Jack's, Wade and Kimberly Hill, Jackie and Vicki Hill, and Energy Storage.

Vicki Hill is the sole shareholder of Integrated Business Works, Inc. ("IBW"), which is a Nebraska corporation in the business of owning and managing real estate in the same counties as the debtors operate. IBW has granted Adams Bank & Trust a deed of trust on real estate to secure the same series of debts owed by Happy Jack's, Wade and Kimberly, Jackie and Vicki, and Energy Storage.

Vicki Hill owns 25% of the shares in Beal Enterprises, Inc., which is a Nebraska corporation owned by Vicki and her siblings. Vicki has pledged her stock in Beal Enterprises to Adams Bank to secure the same series of debts owed by Happy Jack's, Jackie and Vicki, Wade and Kimberly, and Energy Storage.

Happy Jack's was formed in 2003 by Jackie, Vicki, and Wade Hill. Happy Jack's purchased a convenience store outside Brule, Nebraska, that had previously been owned and operated by Vicki Hill's family. Happy Jack's owned and operated the convenience store after its purchase. Eventually, Wade and Kimberly became the primary operators of Happy Jack's. Wade and Kimberly also farm near Brule.

Happy Jack's has engaged in the retail sales of fuel, propane, and convenience-store commodities, and has sold fuel and propane wholesale throughout the area near Brule, Nebraska. In 2007, Energy Storage was formed as an affiliate company to engage in the same wholesale sale and distribution of fuel. As stated, all four Hills are owners of Energy Storage.

Western Terminal Transportation supplied fuel on an open account to Happy Jack's from October 10, 2013, to July 28, 2015, and to Energy Storage from October 31, 2014, to June 28, 2015. As of the bankruptcy filing date, Happy Jack's owed $1,285,279.61 and Energy Storage owed $695,249.51 on those accounts. Jackie Hill and Wade Hill are guarantors of Happy Jack's open fuel supply account to Western Terminal Transportation.

To finance Happy Jack's operation and Wade and Kimberly's farming operation, the Hills and Happy Jack's took out a series of operating and longer-term loans from the Adams Bank branch in Brule, Nebraska. Certain loans were assigned to Great Western Enterprises, which is owned and managed by Chad Adams, the same owner of Adams Bank. Of particular import to this proceeding are the following two loans:

• Note ending in #405 in the principal amount of $125,050.00, dated July 31, 2007 ("the Great Western Small Note"). The Great Western Small Note was assigned to Great Western on July 28, 2015, along with the beneficial interest in a deed of trust, shortly after Western Terminal Transportation began making demands upon the debtors for payment of its debt. Energy Storage, Happy Jack's, Jackie Hill, Vicki Hill, and Wade Hill are the borrowers under the Great Western Small Note.

• Note ending in #421 in the principal amount of $300,000.00, dated August 1, 2007 ("the Great Western Large Note"). The Great Western Large Note was assigned to Great Western on July 28, 2015, shortly after Western Terminal Transportation began making demands upon the debtors for payment of its debt. Happy Jack's, Jackie Hill, Vicki Hill, and Wade Hill are the borrowers under the Great Western Large Note.

In its complaint objecting to Great Western's claim, Western Terminal argues the Small Note is secured only to the extent of the value of certain fixtures owned by Energy Storage described in the deed of trust, and the Large Note is unenforceable against the debtors and the debtors' property because no beneficial interest in a deed of trust was provided with the assignment of that note, no security agreement was transferred or assigned from Adams Bank to Great Western with the assignment, and collection of the amount owed is barred by the statute of limitations.

Great Western has moved for summary judgment in this matter, arguing that the loans were all cross-collateralized and it obtained by operation of law a beneficial security interest in all of the security agreements and deeds of trust securing both the Large and Small Notes, regardless of whether a formal written assignment of those security instruments had been made. It further argues that, to the extent Adams Bank held a perfected security interest in assets securing the Large and Small Notes, Great Western received a perfected security interest in the same assets at the time of the assignment. Finally, Great Western asserts that the statute of limitations for a Nebraska judicial foreclosure has not yet expired.

In resisting the summary judgment motion, Western Terminal points out, *inter alia*, that all of the security interests claimed by Great Western, other than its rights under the deed of trust specifically assigned to it along with the Small Note, are granted under instruments held solely by

Adams Bank. At a minimum, it appears that Great Western is asserting a proportionate beneficial interest in security interests that Adams Bank holds for other indebtedness still held by Adams Bank. This raises standing and due process concerns. The amount, validity and extent of Great Western's claim, and its rights in the security interests also claimed by Adams Bank, cannot (and should not) be determined without the participation of Adams Bank.

IT IS ORDERED: Great Western Enterprises, Inc.'s motion for summary judgment (Fil. No. 16) is denied, without prejudice. Further, this adversary proceeding will be dismissed if Plaintiff fails to file an amended complaint naming all necessary parties by March 30, 2018.

DATED: March 8, 2018.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Adam A. Hoesing
    *Robert B. Reynolds
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.